United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DOUGLAS MALVEAUX,

    Defendant.

Case No.: CR 12-00206 CW (BZ)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Douglas Malveaux is charged in a criminal complaint with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition).  On April 10, 2012, the United States moved for Mr. Malveaux's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f).  Pretrial Services prepared a full bail study, which recommended Mr. Malveaux's detention.  On April 13, 2012, the court conducted a detention hearing.  For the reasons stated below, the court orders that Mr. Malveaux be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release.  If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community.  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The Indictment charges that Mr. Malveaux on or about March 2, 2012, knowingly possessed a loaded firarm, specifically a .40 caliber Smith & Wesson firearm loaded with ten (10) rounds of ammunition, despite having been previously convicted of a felony crime punishable by a term of imprisonment exceeding one year.

Mr. Malveaux is 38 years old and, prior to his incarceration, lived in Oakland, California with his significant other, Latania Parks, and her minor child. He received a high school diploma in 1992, and completed a four (4) month iron work program at Cypress Mandela Training Center

DETENTION ORDER
CR 12-00206 CW (BZ)                                            2

in Oakland in 2008. Mr. Malveaux has been unemployed since 2008, purportedly due to work-related injuries that left him disabled and unable to work.

Mr. Malveaux has an extensive criminal record dating back to 1995, many of which were crimes of violence, such as Battery and a variety of sexual offenses, including Rape by Force or Fear.  In addition to Mr. Malveaux's admitted diagnoses of depression, anxiety, and bipolar disorder-- for which he is no longer taking medication nor obtaining other treatment-- Defendant likely has a substance abuse problem based upon his recent convictions for alcohol-related offenses.  While Mr. Malveaux does not appear to be currently on parole or probation, he has previously violated his terms of release on at least three occasions.

In light of Mr. Malveaux's substantial criminal record, the Court finds clear and convincing evidence that Mr. Malveaux presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community.  18 U.S.C.  § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

In addition, the Court finds that Mr. Malveaux is at some risk of flight as a result of the sentence he faces.  Defendant has a history of failing to appear at other court proceedings, and while he claims to not possess a passport, he claims to have traveled internationally to Jamaica, Mexico, and Haiti in 2011, which suggests that he has the means to travel without a passport. Defendant has four aliases and he has used false identification in the past, including a false date of birth and an alternate social security number.  Defendant also has an outstanding traffic warrant, and may have an active case pending in Contra Costa County.  Mr. Malveaux is a sex/arson registrant who may not be in compliance with annual registration update requirements.  Further, the release proposal was an unsecured bond signed by Ms. Parks, who the Court finds is not financially responsible for Mr. Malveaux, nor knowledgeable of his international travel, such that she is not close enough to him to serve as a responsible custodian.  Based upon previous parole and probation violations, the Court also finds that Mr. Malveaux is not amenable to supervision.

For the reasons set forth above, Mr. Malveaux shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable,

from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 16, 2012           *Kandis Westmore* for
                                BERNARD ZIMMERMAN
                                United States Magistrate Judge

United States District Court
Northern District of California

DETENTION ORDER
CR 12-00206 CW (BZ)                         4